UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

_____

| | |
|---|---|
| ANTWON GARRETTE, ) | C/A No.  4:14-cv-1971-MGL-TER |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | **Report and Recommendation** |
| ) | |
| WARDEN LEE CORRECTIONAL INSTITUTION,) | |
| ) | |
| Respondent. ) | |
| _____) | |

Petitioner, Antwon Garrette (Petitioner/Garrette), is currently incarcerated at Lee Correctional Institution ("LCI"). Petitioner appearing *pro se*, filed his petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254[1] on May 20, 2014. Respondent filed a motion for summary judgment on December 29, 2014, along with a return, supporting memorandum, and exhibits. (Docs. #27 and #28). The undersigned issued an order filed December 29, 2014, pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), advising Petitioner of the motion for summary judgment procedure and the possible consequences if he failed to respond adequately. Petitioner failed to file a response.[2]

## **RULE 41(B) DISMISSAL**

___

[1] This habeas corpus case was automatically referred to the undersigned United States Magistrate Judge pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Local Rule 19.02 (B)(2)(c), DSC.  Because this is a dispositive motion, this report and recommendation is entered for review by the district judge.

[2] On February 2, 2015, Petitioner was granted an extension to file a response pursuant to the Roseboro order or his case may be dismissed for failure to prosecute pursuant to Rule 41 of the Federal Rules of Civil Procedure. Petitioner did not file a response.

A complaint may be dismissed pursuant to Rule 41(b) of the Federal Rules of Civil Procedure for failure to prosecute and/or failure to comply with orders of the court. Ballard v. Carlson, 882 F.2d 93 (4th Cir. 1989), cert. denied, 493 U.S. 1084 (1990), and Chandler Leasing Corp. v. Lopez, 669 F.2d 919 (4th Cir. 1982). In considering whether to dismiss an action pursuant to Rule 41(b), the court is required to consider four factors:

  (1)  the degree of plaintiff's responsibility in failing to respond;

  (2)  the amount of prejudice to the defendant;

  (3)  the history of the plaintiff in proceeding in a dilatory manner; and,

  (4)  the existence of less drastic sanctions other than dismissal.

Davis v. Williams, 588 F.2d 69 (4th Cir. 1978).

In the present case, the Petitioner is proceeding pro se so he is entirely responsible for his actions. It is solely through Petitioner's neglect, and not that of an attorney, that no responses have been filed. Petitioner has not responded to Respondent's motion for summary judgment or the court's orders requiring him to respond. No other reasonable sanctions are available. Accordingly, it is recommended that this action be dismissed pursuant to Fed. R. Civ. Proc. 41(b).

In the alternative, it is recommended that Respondent's motion for summary judgment be granted and this action be dismissed as barred by the statute of limitations. However, the procedural history is set forth for reference purposes.

## **PROCEDURAL HISTORY**

The procedural history as set forth by the Respondent in his memorandum has not been disputed. Therefore, the undersigned will set out the undisputed procedural history as set forth by

2

the Respondent, in part.

Petitioner is currently incarcerated in Lee Correctional Institution pursuant to orders of commitment from the Clerk of Court of Dorchester County. A Dorchester County grand jury indicted Petitioner in March 2008 for murder. (Attachment 1, PCR App. pp. 221-222). Mark Peper, Esq., represented Petitioner on the charge. On February 10, 2009, pursuant to negotiations with the State, Petitioner entered a guilty plea to the lesser included offense of voluntary manslaughter. (Attachment 1, PCR App. p. 4, lines 3-8). The Honorable Diane S. Goodstein heard and accepted the plea. (Attachment 1, PCR App. p. 31). However, upon discussion of the factual basis for the plea, and disagreement on the salient facts relating to the shooting, Petitioner moved to withdraw the plea. (Attachment 1, PCR App. p. 64, lines 8-9). Judge Goodstein set aside the plea at the time. (Attachment 1, PCR App. p. 64, line 10-p. 65, line16).

On February 23, 2009, Petitioner again offered to plead guilty to voluntary manslaughter, this time pursuant to North Carolina v. Alford. (Attachment 1, PCR App. p. 71, lines 6-14). Petitioner admitted that he believed the State could present sufficient evidence to secure a conviction, and that he wished to accept the offer to plead guilty to a lesser offense. (Attachment 1, PCR App. p. 107, lines 3-23). Judge Goodstein sentenced Petitioner to imprisonment for twenty (20) years. (Attachment 1, PCR App. p. 120, line 25–p. 121, line 2). Petitioner did not seek direct appeal review of his plea or sentence.

On March 2, 2010, Petitioner filed an application for post-conviction relief ("PCR"), in which he raised the following claim:

> Trial counsel never informed Applicant of appeal options, and ten day period expired by time found out could appeal.

(Attachment 1, PCR App. p. 124).

He also claimed:

> trial counsel failed to adequately and competently investigate and present for a finders of facts, an affirmative defense of "self-defense" (Attachment 1, PCR App. p. 126);
>
> trial counsel failed to challenge the manner that the Arrest Warrant (M120002) was obtained and/or procured where there existed sufficient evidence to move the trial court to quash the warrant (Attachment 1, PCR App. p. 136);
>
> trial counsel supported and attended a hearing or proceeding that was related to the criminal proceeding in this case with the prosecutor, Trial Judge, and Lead Investigating Officer, without benefit of Applicant's attendance or knowing waiver (Attachment 1, PCR App. p. 139);
>
> trial counsel failed to move the trial court to suppress the photographic line-up for being unduly suggestive, thereby raising due process concerns about the manner Applicant was identified (Attachment 1, PCR App. p. 143);
>
> trial counsel failed to competency and adequately investigate issues and evidence of the case, in the following particulars: (1) failing to investigate, by securing expert ballistic testing for "third" round found at scene of crime; (2) failing to secure expert testing and testimony relating to Gun Shot Residue procedures; and (3) failing to interview witnesses and secure NCIC printouts for impeachment purposes (Attachment 1, PCR App. p. 146)

On October 8, 2010, the State made its return and moved to dismiss the action as untimely filed within the one-year statute of limitations. (Attachment 1, PCR App. pp. 159-161). On October 25, 2010, the Honorable Edgar W. Dickson issued a conditional order of dismissal expressing his intent to dismiss the action as untimely, but allowed Petitioner twenty (20) days to show cause why the order should not become final. (Attachment 1, PCR App. pp. 163-165). Petitioner responded arguing his action was timely filed as it was delivered to prison officials for mailing within the time

limitation. (See Attachment 1, PCR App. pp. 169-177). In later correspondence, in addition to reliance on the day the application was delivered to prison officials for mailing, Petitioner also indicated he was not able to otherwise timely comply due to prison conditions. (See Attachment 1, PCR App. pp. 166 and 168). By Order dated April 12, 2011, filed April 21, 2011, Judge Dickson vacated the conditional order of dismissal in part.

> This Court finds that the Applicant's allegation that he is entitled to a belated direct appeal to be sufficient to show why the action for post-conviction relief should not be summarily dismissed without a hearing.
>
> Accordingly, the Conditional Order of Dismissal is hereby VACATED as to the Applicant's claim that he is entitled to a belated direct appeal and counsel APPOINTED for an evidentiary hearing on that claim.

(Attachment 1, PCR App. p. 180).

An evidentiary hearing on the claim was held May 21, 2012, before the Honorable DeAndrea G. Benjamin. Chris Skipper, Esq., represented Petitioner in the action. Mr. Skipper continued to argue for a hearing on the remaining claims of ineffective assistance in that the mailbox rule should apply to avoid the state statute of limitations bar. (Attachment 1, PCR App. p. 186, line 1–p. 187, line 17). The State relied upon state precedent to the contrary and Judge Dickson's previous ruling on same. (Attachment 1, PCR App. p. 206, line 18–p. 208, line 2; see also Attachment 1, PCR App. p. 179). The PCR judge upheld the statute of limitations bar as to all claims except the appeal claim, finding as follows, quoted verbatim:

> ... the statute of limitations applies to all issues as Judge Dickson except the issue regarding direct appeal. As for the issue regarding the direct appeal under White, I am going to--based on the testimony of his attorney I'm going to allow him to file a direct appeal. Mr. Pepper testified that if the applicant said he asked him, he did. He would like to think that he did, although he could not recall that, and for those reasons I am going to, under White I am going to give him the opportunity to file an appeal.

(Attachment 1, PCR App. p.213, lines 14-24).

Judge Benjamin issued a written order dated June 6, 2012, filed June 8, 2012, and specifically found state law does not recognize the mailbox rule and dismissed the application apart from the direct appeal claim. (Attachment 1, PCR App. p.218). As to the direct appeal claim, Judge Benjamin found Petitioner had not "freely and voluntarily waived his right to appeal," and granted the opportunity to seek belated review of any direct appeal issues. Petitioner appealed. (Attachment 3).

Deputy Chief Appellate Defender Wanda H. Carter of the South Carolina Commission on Indigent Defense, Division of Appellate Defense, represented Petitioner on appeal. Appellate counsel filed a petition for writ of certiorari in the Supreme Court of South Carolina on February 14, 2013,

and presented the following issues:

1.) The PCR judge ruled properly in granting petitioner's request for a belated direct appeal because he did not voluntarily and intelligently waive his right to direct appeal in the case.

2.) The PCR judge erred in failing to apply the doctrine of equitable tolling on the one-year PCR statute of limitations to petitioner's PCR action because petitioner exercised due diligence in mailing his PCR application pro se from the SCDC mailing room four days before the statutory deadline, but had no control over the postal service delay in delivering his PCR application one week later.

(Attachment 4, p. 2).

Also on February 14, 2013, appellate counsel submitted a Brief of Appellant Pursuant White v. State and raised the following direct appeal issue:

The trial judge erred in accepting appellant's guilty plea without advising him of the sentencing consequences thereof. (Attachment 5, p. 3).

On April 9, 2013, the State made its return to the petition, (Attachment 6), and also filed its

6

Brief of Respondent addressing the direct appeal issue, (Attachment 7).

By Order dated July 29, 2013, the matter was transferred to the South Carolina Court of Appeals. (Attachment 8). See also Rule 243 (l), South Carolina Appellate Court Rules ("The Supreme Court may transfer a case filed under this rule to the South Carolina Court of Appeals."). By unpublished opinion issued March 19, 2014, the South Carolina Court of Appeals denied the petition except for the request to review the direct appeal issues. The Court of Appeals found "the record contains evidence to support the PCR court's finding that Petitioner did not knowingly and intelligently waive his right to a direct appeal," and granted the request to review the direct appeal issues. (Attachment 9, p. 2). The Court then reviewed the offered direct appeal issue and affirmed. (Attachment 9, p. 2). The Court of Appeals issued the remittitur on April 11, 2014.[3] (Attachment 10).

## PETITIONER'S GROUNDS FOR RELIEF

In his *pro se* Petition for Writ of Habeas Corpus, Petitioner raises the following grounds:

GROUND ONE:   Denial of Effective Assistance of Counsel

Supporting facts:   Counsel failed to investigate the facts of the case; Counsel failed to challenge the manner in which the Arrest Warrant

---

[3] Petitioner was barred from seeking further review from the Supreme Court of South Carolina on the denial of the petition. See Ellison v. State, 382 S.C. 189, 192, 676 S.E.2d 671, 672 (S.C. 2009) (barring petitions to the Supreme Court of South Carolina seeking review of orders issued by the South Carolina Court of Appeals denying discretionary review of PCR matters). He was further barred from seeking review from the Supreme Court of South Carolina on the direct appeal issue upon failure to petition for rehearing from the denial of relief. The remittitur ending appellate jurisdiction is issued when a petition for rehearing has not been timely filed within fifteen (15) days of the opinion. See Rule 221(a) and (b), South Carolina Appellate Court Rules . See also Wise v. South Carolina Dept. of Corrections, 372 S.C. 173, 174, 642 S.E.2d 551, 551 (S.C. 2007) ("When the remittitur has been properly sent, the appellate court no longer has jurisdiction over the matter and no motion can be heard thereafter.").

|  |  |
|---|---|
|  | was obtained; Counsel failed to move the Trial Court to Suppress a Photographic line-up for being Unduly Suggestive; Counsel failed to secure an Expert in Ballistic and gunshot Residue. |
| Ground Two: | Involuntary guilty Plea |
| Supporting facts: | Counsel's ineffectiveness and the failure to a Judicial official to follow Rule 11 of the Rules of Civil Procedure rendered Plea of guilty Involuntary. |
| Ground Three: | Actual Innocence |
| Supporting facts: | Petitioner was forced into entering a plea of guilty outside of Petitioner's own decision as Petitioner relied on Trial Counsel's advise in Pleading guilty to which innocence could have been shown during the course of Trial. |

(Petition).

## **SUMMARY JUDGMENT**

The federal court is charged with liberally construing the complaints filed by pro se litigants, to allow them to fully develop potentially meritorious cases. See Cruz v. Beto, 405 U.S. 319 (1972); Haines v. Kerner, 404 U.S. 519 (1972).  The court's function, however, is not to decide issues of fact, but to decide whether there is an issue of fact to be tried.  The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleadings to allege facts which set forth a federal claim,  Weller v. Dep't of Social Servs., 901 F.2d 387 (4th Cir. 1990), nor can the court  assume the existence of a genuine issue of material fact where none exists.   If none can be shown, the motion should be granted.  Fed. R. Civ. P. 56(c).

The moving party bears the burden of showing that summary judgment is proper.  Summary judgment is proper if there is no genuine dispute of material fact and the moving party is entitled to judgment as a matter of law.  Fed.R.Civ.P. 56(a); Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986).

Summary judgment is proper if the non-moving party fails to establish an essential element of any cause of action upon which the non-moving party has the burden of proof. Celotex, 477 U.S. 317. Once the moving party has brought into question whether there is a genuine dispute for trial on a material element of the non-moving party's claims, the non-moving party bears the burden of coming forward with specific facts which show a genuine dispute for trial. Fed.R.Civ.P. 56(e); Matsushita Electrical Industrial Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574 (1986). The non-moving party must come forward with enough evidence, beyond a mere scintilla, upon which the fact finder could reasonably find for it. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-48 (1986). The facts and inferences to be drawn therefrom must be viewed in the light most favorable to the non-moving party. Shealy v. Winston, 929 F.2d 1009, 1011 (4th Cir. 1991). However, the non-moving party may not rely on beliefs, conjecture, speculation, or conclusory allegations to defeat a motion for summary judgment. Barber v. Hosp. Corp. of Am., 977 F.2d 874-75 (4th Cir. 1992). The evidence relied on must meet "the substantive evidentiary standard of proof that would apply at a trial on the merits." Mitchell v. Data General Corp., 12 F.3d 1310, 1316 (4th Cir. 1993).

To show that a genuine dispute of material fact exists, a party may not rest upon the mere allegations or denials of his pleadings. See Celotex, 477 U.S. at 324 (Rule 56(e) permits a proper summary judgment motion to be opposed by any of the kinds of evidentiary materials listed in Rule 56(c), except the mere pleadings themselves). Rather, the party must present evidence supporting his or her position through "depositions, answers to interrogatories, and admissions on file, together with ... affidavits, if any." Id. at 322; see also Cray Communications, Inc. v. Novatel Computer Systems, Inc., 33 F.3d 390 (4th Cir. 1994); Orsi v. Kickwood, 999 F.2d 86 (4th Cir. 1993); Local Rules 7.04, 7.05, D.S.C.

9

## **DISCUSSION AS TO STATUTE OF LIMITATIONS**

The Respondent argues that the Petitioner's claims must be dismissed as untimely. Specifically, Respondent asserts that the Petitioner's federal habeas petition should be dismissed because it was not timely filed within the one-year statute of limitations created by the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA).

The applicable law is as follows: The AEDPA became effective on April 24, 1996. The AEDPA substantially modified procedures for consideration of habeas corpus petitions of state inmates in the federal courts. One of those changes was the amendment of 28 U.S.C. § 2244 to establish a one-year statute of limitations for filing habeas petitions.[4] Subsection (d) of the statute now reads:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the <u>latest</u> of–
>
> > (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> >
> > (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> >
> > (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the

---

[3] Prior to this amendment there was no statute of limitations. Habeas Rule 9(a) allowed dismissal only where the state could show it had been prejudiced by a delay in filing. <u>Duarte v. Hershberger</u>, 947 F. Supp. 146, 148, n.2 (D.N.J. 1996).

> right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a "properly filed" application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection. (Emphasis added).

As stated under the procedural history, Petitioner pleaded guilty in state court on February 23, 2009. Petitioner did not appeal his conviction so that the statute began to run ten days after the date of his plea. Petitioner had one year from this date to file his federal habeas corpus action unless the period was at any time tolled. *See, e.g.,* Brown v. Angelone, 150 F.3d 370 (4th Cir. 1998). Petitioner did not file his PCR application until three hundred and sixty-two (362) days later on March 2, 2010. His PCR action was found not timely filed as to all claims except the direct appeal issue. The South Carolina Court of Appeals reviewed the direct appeal issue, affirmed the decision, and issued the remittitur on April 11, 2014. Thus, Petitioner had only three days to timely file his petition in this court. This action was not filed until May 15, 2014, the Houston v. Lack, 487 U.S. 266 (1988) date, which was beyond the time limit for filing. Therefore, the instant petition is time-barred and should be dismissed.

In the case of *Harris v. Hutchinson*, 209 F.3d 325 (4th Cir. 2000), the Fourth Circuit aggregated time periods to conclude that a federal habeas petition was time barred under 28 U.S.C. § 2244(d). In Harris, the Fourth Circuit stated:

> Thus, for Harris, the one-year limitation period imposed by §2244(d) commenced on April 24, 1996. Ten-and-one-half months later, on March 12, 1997, Harris filed his petition for state post-conviction

11

> review, which suspended the running of the one-year limitation period. This petition remained "pending" in state courts until January 7, 1998, when the Maryland Court of Appeals denied Harris' application for leave to appeal the denial of his petition. At this point, the clock began running again on the one-year limitation period, expiring one-and-one-half months later, in February 1998. Harris did not file his federal habeas petition until July 22, 1998, six months after his one-year period had expired. Therefore, the petition was time-barred under 28 U.S.C. § 2244(d).

Harris, 209 F.3d at 327.

The United States Supreme Court has held that the federal one year statute of limitations can be subject to equitable tolling in appropriate cases. Holland v. Florida, 560 U.S. 631, 130 S.Ct. 2549, 2552–2554, 2560–2562 (2010); see also Rouse v. Lee, 314 F.3d 698, 704 (4th Cir.2003) (citing Harris v. Hutchinson, 209 F.3d 325, 330 (0 Cir.2000)). Circumstances will rarely warrant equitable tolling, however, and a Petitioner carries the burden of showing that he is entitled to equitable tolling. Harris, 209 F.3d at 330; see also Marengo v. Conway, 342 F.Supp.2d 222, 230 (S.D.N.Y.2004); Miranda v. Castro, 292 F.3d 1063, 1066 (9th Cir.2002). Further, equitable tolling applies only in the rare and exceptional circumstance, and is limited to "extraordinary circumstances" preventing a prisoner from filing a timely petition. Warren v. Garvin, 219 F.3d 111, 113 (2d Cir.2000); Marengo, 342 F.Supp.2d at 230. "[T]he party seeking equitable tolling must [also] have acted with reasonable diligence throughout the period he seeks to toll." Marengo, 342 F.Supp.2d at 230 (*quoting* Warren, 219 F.3d at 113); see also Holland, 130 S.Ct. at 2562 [" 'Petitioner is 'entitled to equitable tolling' only if he shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way" and prevented timely filing."] (*quoting* Pace v. DiGuglielmo, 544 U.S. 408, 418, 125 S.Ct. 1807, 161 L.Ed.2d 669 (2005)).

There is no evidence that warrants equitable tolling. Petitioner has not demonstrated that he

pursued his rights diligently or that some extraordinary circumstances stood in his way to prevent him from timely filing his federal habeas petition. Therefore, it is recommended that the petition be dismissed as barred by the statute of limitations, and Respondent's motion for summary judgment should be granted.

## **CONCLUSION**

As set out above, the Petitioner's federal habeas corpus petition should be dismissed for failure to prosecute pursuant to Fed. R. Civ. Proc. 41(b), with prejudice.  Alternatively, it should be dismissed as barred by the statute of limitations. It is, therefore,

RECOMMENDED that Respondent's motion for summary judgment (document #27) be GRANTED in its ENTIRETY, and the petition be dismissed without an evidentiary hearing.

It is further RECOMMENDED that any outstanding motions be deemed MOOT.

Respectfully Submitted,

s/Thomas E. Rogers, III
Thomas E. Rogers, III
United States Magistrate Judge

March 4, 2015
Florence, South Carolina

**The parties' attention is directed to the important notice on the next page.**